800 F.2d 260
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William W. GRANT, Appellant,
v.
COMMISSIONER, INTERNAL REVENUE SERVICE, Appellee.
 No. 85-2038.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 11, 1986.
Decided Sept. 11, 1986.
 
 William W. Grant, appellant pro se.
 Fred T. Goldberg, Jr., Chief Counsel, Internal Revenue Service.
 Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., U.S. Dept. of Justice.
 U.S.T.C., 84 T.C. 809.
 AFFIRMED.
 Before HALL, PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 William W. Grant appeals from a judgment of the Tax Court sustaining a deficiency assessment of income taxes for the taxable years of 1972, 1973, and 1974. The Tax Court also sustained additions to tax pursuant to I.R.C. 5 6653(a)(1954). On appeal Grant challenges the Tax Court's holding that the value of his uncompensated performance of legal services for various governmental, charitable, educational and religious organizations could not be deducted from his income taxes pursuant to 26 U.S.C. Sec. 170 (1954).[1] We affirm.
 
 
 2
 Grant is an attorney and during the years involved herein was engaged in the private practice of law in Oakland, Maryland. During 1972 through 1974, Grant performed legal services for the mayor and town council of Oakland (Oakland government) for which he was not compensated. These services were performed for public purposes. He did not report the value of these uncompensated legal services as income during the years in question. On the Schedule C's of his federal income tax returns for 1972, 1973, and 1974, Grant deducted $3,042, $1,440, and $1,800, respectively, for "Municipal Work." These amounts represent the value of the time he spent performing the uncompensated legal services for the Oakland government.
 
 
 3
 Grant was appointed by tile Governor of Maryland to serve on the Board of Visitors of Frostburg State College during 1972 and 1973. Also during 1973, he was designated by the Secretary of Natural Resources of Maryland to serve on the Advisory Committee of the Ohio River Basin Commission. Further, during 1972 and 1973, he performed services for various governmental, charitable, educational, and religious organizations for which he was not compensated. Grant did not report the value of these uncompen sated services as income for those years. On his federal income tax returns for 1972 and 1973, he deducted $1,126 and $3,478, respectively, as charitable contribution deductions. These ' amounts represent the value of the time he spent performing uncompensated legal services for the organizations noted above. All of the organizations for which he performed uncompensated services were eligible to receive deductible charitable contributions under 26 U.S.C. 3 170 (1954). In addition, the uncompensated legal services that were performed for governmental bodies were performed for public purposes.
 
 
 4
 The Commissioner disallowed each of the deductions described above. The Commissioner also assessed additions to tax pursuant to 26 U,S.C. 5 6653(a), for each of the years in question for negligence or intentional disregard of the rules and regulations. Grant filed a petition for redetermination of his 1972, 1973 and 1974 federal income taxes with the Tax Court arguing that he could deduct the value of his legal services under 26 U.S.C. 3 170.
 
 
 5
 Section 170 of 26 U.S.C. allows for a deduction of verifiable charitable contributions. Treasury Regulation 1.17OA-1(,:,P)(1954), however, prohibits a charitable contribution deduction for a contribution of services.[2] ; We agree with the Tax Court's holding that 1.17OA-1(g) is a valid regulation and that under 1.17OA-1(g) Grant is not entitled to a deduction for the contribution of his services. The purpose of the regulation is to achieve similar results for taxpayers in similar circumstances. The Supreme Court has mandated that Treasury Regulations should be upheld unless they are unreasonable and inconsistent with the revenue statutes. Commissioner v. Portland Cement Co. of Utah, 450 U,S. 156, 169 (1981). Treasury Regulation 1-17OA -1(g) is a reasonable interpretation of the statute and is therefore a valid regulation binding on Grant. We find the Tax Court properly held that he is not entitled to a deduction for the contribution of his services.
 
 
 6
 During the hearing in the Tax Court Grant admitted he was aware that regulation 1.17OA-1(g) precluded charitable deductions for contributions of services at the time he filed the returns in question. Section 6653(a) of 26 U.S.C. provides that the Commissioner may impose an addition to tax against a taxpayer for negligence or intentional disregard of the rules and regulations. Grant knew that regulation 1.17OA-1(g) precluded his charitable deductions for the contribution of services and yet he claimed the deductions anyway. He has not offered any reasonable basis for disregarding the regulation. The Tax Court, therefore, correctly sustained the imposition of the additions to tax against Grant.
 
 
 7
 Accordingly, we affirm the judgment of the Tax Court. Because the issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 During the years at issue, Grant also claimed deductions for certain payments he made to his ex-wife, for certain maintenance expenses he incurred with respect to a house, and for the value of uncompensated services he performed as a court-appointed attorney. The Commissioner disallowed these claimed deductions and the Tax Court upheld the Commissioner's determination. Grant has not raised these issues on appeal, but we note that the Tax Court correctly held that Grant is not entitled to these claimed deductions
 
 
 [2]
 Treasury Regulation 1.17OA-1(g) reads in pertinent part:"Charitable, etc. contributions and gifts; allowance of deductions...(g) Contributions of services. No deduction is allowable under section 170 for a contribution of services."